SPANOS *v.* EDWARDS.

1. FRAUD—ACTION FOR FRAUD WILL LIE.
   An action at law will lie to recover damages for fraud.

2. EQUITY—JURISDICTION—BREACH OF FIDUCIARY RELATIONS—FRAUD
   —CANCELLATION OF INSTRUMENTS.
   Where breach of fiduciary relation and fraud are charged, and
   cancellation of written assignment of real estate mortgage and
   note is sought, equity has jurisdiction.

3. CANCELLATION OF INSTRUMENTS—ASSIGNMENT OF MORTGAGE—
   FRAUD NOT PRESUMED.
   In suit for cancellation of written assignment of real estate
   mortgage and note on ground of fraud, fraud could not be
   presumed, but must be proved by preponderance of evidence,
   and where not so proved, decree was properly entered for
   defendant.

Appeal from Ingham; Carr (Leland W.), J. Submitted October 22, 1929. (Docket No. 11, Calendar No. 34,244.) Decided January 24, 1930.

Bill by Peter A. Spanos against Andrew J. Edwards for the cancellation of an assignment of a real estate mortgage and note. From a decree for defendant, plaintiff appeals. Affirmed.

*Dwight L. Wilson,* for plaintiff.

*D. G. F. Warner,* for defendant.

POTTER, J. Plaintiff filed a bill in equity to procure the cancellation of a written assignment by him of a real estate mortgage and note which he claims was fraudulently procured by defendant, to the Chief Okemos Gravel Company, a corporation, or

On jurisdiction of equity to cancel instrument on ground of fraud, see annotation in 5 L. R. A. (N. S.) 1036.

in lieu thereof to recover the money alleged to have been lost by him by reason of defendant's fraud. There was decree for defendant, and plaintiff appeals.

Plaintiff claims a fiduciary relation existed between himself and defendant; that defendant, taking advantage of the trust and confidence reposed in him by plaintiff, fraudulently procured the assignment of a $3,500 real estate mortgage and note belonging to plaintiff to the Chief Okemos Gravel Company, a corporation; that defendant represented to plaintiff such assignment was in the nature of a loan to him which defendant promised to pay; that plaintiff had no knowledge the mortgage was to be used to purchase stock in the gravel company, and as soon as he found it out repudiated its purchase.

It is claimed plaintiff was of foreign parentage, unfamiliar with the English language, and relied absolutely on the advice of defendant. If the relationship of the parties had been such that they did not deal on equal terms, if plaintiff could not exercise his free agency, if defendant took advantage of an existing relation of trust and confidence and obtained for himself without adequate consideration the real estate mortgage and note in question, plaintiff might be entitled to relief.

Here plaintiff was a man 47 years of age, of more than average intelligence, of Greek birth, who had been in this country 20 years and had held responsible positions as foreman and assistant foreman in various manufacturing, transportation, and war industries, had always earned good money, carried a bank account, bought and sold property, engaged in business, and successfully waged a lawsuit.

The proof shows plaintiff solicited an opportunity to invest in the gravel company. There is no proof of fraudulent representations. When it was sug-

gested to him he might lose his money, plaintiff said if defendant lost, he, plaintiff, would lose too. He attended the pre-organization meeting of the promoters of the gravel company, executed the articles of association, assigned the note and mortgage to it, and there was issued to him the stock of the gravel company he had paid for. The mortgage and note were subsequently assigned by the gravel company as collateral security for the payment of its note at the bank.

Both plaintiff and defendant undoubtedly expected to make money out of the gravel company, but the gravel deposit was not extensive, the company became involved financially, ceased operations, and the prospect is, all parties have lost their investments therein. This is an unfortunate but frequent result of intrusting the handling of one's money to others.

Plaintiff claims when it appeared the real estate mortgage and note had been assigned by the gravel company to a *bona fide* holder for value, only the liability of the defendant for damages remained, and the trial court should have transferred the case to the law side of the court for trial. Under the facts alleged, plaintiff could elect whether to begin suit at law or in equity. An action at law will lie to recover damages for fraud, but in a case like this, where a breach of a fiduciary relation and fraud are charged, and the cancellation of a written assignment of a real estate mortgage and note is sought, equity undoubtedly has jurisdiction. *Wheeler* v. *Clinton Canal Bank*, Har. Ch. 449; *Fred Macey Co.* v. *Macey*, 143 Mich. 138 (5 L. R. A. [N. S.] 1036); *Mulheron* v. *Koppin Co.*, 221 Mich. 187.

The trial court was unable to find fraud had been established. It could not be presumed, but must be

proved by a preponderance of evidence. This has not been done. The decree of the trial court is affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, SHARPE, FEAD, and NORTH, JJ., concurred. McDONALD, J., took no part in this decision.